DIXIE MERCERIZING COMPANY v. GURNEY P. HOOD, COMMISSIONER OF BANKS, EX REL.; THE MERCHANTS BANK OF DURHAM, N. C., AND THE LOUISE KNITTING MILLS COMPANY.

(Filed 10 October, 1934.)

**Banks and Banking H e—In absence of issue of conspiracy in obtaining certification of checks, holder for value of checks certified by bank prior to its closing is entitled to preference.**

Plaintiff was under contract to ship a manufacturing company a certain quantity of cotton within a period of six months, payment for cotton shipped during each month to be made the first of the following month with a cash discount for payment by the tenth of the month. The purchaser paid for the cotton for two months in accordance with the contract. Thereafter plaintiff agreed with the purchaser to allow a three per cent discount if the purchaser paid for the balance of the cotton due under the contract before delivery, and the purchaser had defendant bank certify its checks for the balance of the purchase price of the cotton, and sent same to plaintiff. Plaintiff thereafter delivered the balance of the cotton due under the contract. Later on the day the bank certified the checks it restricted withdrawals, and the next business day thereafter it was taken over for liquidation by the Commissioner of Banks. The checks were returned to plaintiff, but were retained by it in payment of the cotton. Plaintiff brought suit to have its certified checks declared a preferred claim, and the Commissioner of Banks alleged in his answer that the checks were certified by the bank in pursuance of an unlawful conspiracy between plaintiff and the manufacturing company, but no issue involving the alleged conspiracy was submitted to the jury: *Held,* all the evidence showed that plaintiff was a holder for value of the checks certified by the

bank prior to its closing, constituting a preference under the statute, N. C. Code, 218 (c), and an instruction directing the jury to answer the issue of whether plaintiff was a holder for value of the checks in the negative if they believed the evidence *is held* for error.

SCHENCK, J., took no part in the consideration or decision of this case.

APPEAL by plaintiff from *Shaw, Emergency Judge,* at March Term, 1934, of DURHAM. New trial.

This is an action to have two certain checks drawn by the defendant, the Louise Knitting Mills Company, on the Merchants Bank of Durham, N. C., now in the possession of the defendant Gurney P. Hood, Commissioner of Banks, for liquidation, because of its insolvency, adjudged a preferred claim on the assets of said bank, on the ground that said checks were certified by the cashier of said bank, prior to its closing, and that plaintiff is now the holder for value of said certified checks.

The defendant Gurney P. Hood, Commissioner of Banks, in his answer denied that plaintiff is the holder for value of said checks. He alleged that said checks were certified by the cashier of the bank, pursuant to a wrongful and unlawful conspiracy to defraud the depositors of said bank entered into by and between the plaintiff and the defendant, the Louise Knitting Mills Company. This allegation was denied by both the plaintiff and the defendant, the Louise Knitting Mills Company.

The only issue submitted to the jury was answered as follows:

"Is the plaintiff the holder for value of the two checks of the Louise Knitting Mills Company drawn on the Merchants Bank of Durham, N. C., as alleged in the complaint?" Answer: "No."

From judgment that plaintiff is not entitled to a preferred claim on the assets of the Merchants Bank of Durham, N. C., on account of the certified checks described in the complaint, the plaintiff appealed to the Supreme Court, assigning as error the instruction of the court that if the jury should find the facts to be as all the witnesses had testified, they should answer the issue "No."

*Bryant & Jones for plaintiff.*

*Brawley & Gant for defendant Gurney P. Hood, Commissioner of Banks.*

CONNOR, J. All the evidence at the trial of this action pertinent to the issue submitted to the jury showed that on 10 November, 1931, the plaintiff Dixie Mercerizing Company, a corporation engaged in the business of manufacturing mercerized cotton at Chattanooga, in the State of Tennessee, sold to the defendant, the Louise Knitting Mills Company, a corporation engaged in the business of manufacturing

hosiery at Durham, in the State of North Carolina, 50,000 pounds of mercerized cotton, at prices appearing in the contract, which is in writing. It was agreed that said mercerized cotton should be delivered by the plaintiff to said defendant within six months from the date of the contract. It was further agreed that settlement should be made on the first day of each month for all cotton delivered during the preceding month, and that a discount of 2 per cent should be allowed if settlement was made in cash prior to the 10th day of the month. During the months of November and December, 1931, the plaintiff delivered 10,000 pounds of said cotton in accordance with its contract, and the defendant, the Louise Knitting Mills Company, had paid for said cotton prior to 29 December, 1931, in accordance with the terms of its contract, leaving a balance of 40,000 pounds to be delivered and settled for after said date. The contract price of the cotton not delivered at said date was $15,464. This sum was to be paid in accordance with the terms of the contract, as the cotton was delivered.

On 29 December, 1931, pursuant to a conversation over the telephone, the plaintiff agreed with the defendant, the Louise Knitting Mills Company, that it would allow the said defendant a discount of 3 per cent on the amount due under the contract, when the cotton had been delivered, if the said defendant would pay said amount in cash and in advance of deliveries. On 31 December, 1931, the defendant, the Louise Knitting Mills Company, at its office in Durham, N. C., drew two checks, each for the sum of $7,500, both payable to its order, on the Merchants Bank of Durham, N. C. These checks were presented to the bank by the drawer, during banking hours, on 31 December, 1931, with the request that both checks be certified. At this time the Louise Knitting Mills Company had on deposit with said bank, subject to its check, a sum largely in excess of the aggregate amount of said checks. Under the instruction of the cashier of said bank, both said checks were duly certified by the assistant cashier, and delivered to the Louise Knitting Mills Company. The checks were then endorsed by the said company as payee and sent by mail to the plaintiff at Chattanooga, Tenn., in payment of the amount due by the said Louise Knitting Mills Company to the plaintiff on its contract for the purchase of 40,000 pounds of mercerized cotton, which had not then been delivered. Upon its receipt of said checks, the plaintiff credited the account of the Louise Knitting Mills Company with the sum of $15,000, and with the amount of the discount at 3 per cent. The plaintiff has delivered to the defendant Louise Knitting Mills Company the 40,000 pounds of cotton in full performance of its contract.

After the checks were credited to the account of the Louise Knitting Mills Company by the plaintiff, they were endorsed by the plaintiff and

deposited in a bank at Chattanooga, Tenn., for collection. They were subsequently returned by the bank to the plaintiff, with a notation on each check to the effect that said check had not been presented to the drawee bank for payment for the reason that said bank was closed and in the hands of the Commissioner of Banks of the State of North Carolina. The plaintiff thereupon charged the said checks to the account of the defendant Louise Knitting Mills Company, and notified the said company that the checks had not been paid. The Louise Knitting Mills Company thereupon agreed in writing to indemnify the plaintiff against loss on account of said checks. Plaintiff delivered the 40,000 pounds of cotton to the defendant Louise Knitting Mills Company and retained the checks as payment for the same. The said checks are now in the possession of the plaintiff.

After the checks were certified, on 31 December, 1931, by the assistant cashier of the Merchants Bank of Durham, N. C., a "run" on said bank, which had begun on the previous day, continued, and during said day, because of said "run," the bank restricted the amounts which its depositors were permitted to withdraw. The bank remained open for business until the usual hour for closing. On 4 January, 1932, which was the first business day after 31 December, 1931, the defendant Gurney P. Hood, Commissioner of Banks, ordered the bank closed, and took possession of its assets. He is now engaged in the liquidation of said bank, because of its insolvency. He has declined to allow plaintiff's claim on account of said checks as a preferred claim.

There was evidence at the trial with respect to the allegations in the answer of the defendant Gurney P. Hood, Commissioner of Banks, to the effect that the checks described in the complaint were certified by the bank, pursuant to a wrongful and unlawful conspiracy between the plaintiff and the defendant, the Louise Knitting Mills Company, to defraud the depositors of said bank. No issue involving these allegations was submitted to the jury, and for that reason plaintiff's exceptions to the introduction of this evidence are not presented by this appeal. The only assignment of error presented by this appeal is founded on plaintiff's exception to the instruction of the court that if the jury should find the facts to be as testified by all the witnesses, they should answer the issue "No." This assignment of error must be sustained. All the evidence showed that plaintiff is the holder for value of the checks certified by the Merchants Bank of Durham, N. C., prior to its closing. Under the provisions of the statute, plaintiff's claim, founded on certified checks, is entitled to preferential payment. The statute provides that "the following shall be the order and preference in the distribution of the assets of any bank liquidated hereunder: (1) Taxes and fees due the Commissioner of Banks for examination or other

services; (2) wages and salaries due officers and employees of the bank, for a period of not more than four months; (3) expenses of liquidation; (4) certified checks and cashier's checks in the hands of a third party as a holder for value, and amounts due on collections made and unremitted for or for which final actual payment has not been made by the bank; and (5) amounts due creditors other than stockholders." N. C. Code of 1931 (Michie), sec. 218 (c), subsec. 14.

For the error in the charge of the court to the jury, plaintiff is entitled to a new trial. It is so ordered.

New trial.

SCHENCK, J., took no part in the consideration or decision of this case.